**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

NELLIE S. FRANCIS,

          Plaintiff,

          v.                                No. 1:04-CV-656 (GLS/CFH)

EXCELSIOR COLLEGE,

          Defendant.

---

**APPEARANCES:**                         **OF COUNSEL:**

Nellie S. Francis
16 Miller Avenue
Providence, RI 02905
Plaintiff pro se

Whiteman, Osterman Law Firm         HEATHER D. DIDDEL, ESQ.
99 Washington Avenue
Albany, New York 12260
Attorneys for Defendant

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**[1]

     Currently pending before the Court is plaintiff's letter motion seeking the Court to issue an order to "reopen my case above as a result, and to re-negotiate the present settlement reached in the above case." Dkt. No. 48 at 1. On February 13, 2017, defendant Excelsior College filed a response. Dkt. No. 52. On March 17, 2017, defendant filed a further response in opposition to plaintiff's letter motion. Dkt. No. 55. On March 22, 2017, a

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

conference was conducted with plaintiff pro se and counsel for the defendant. During that conference, the Court directed the plaintiff pro se to file a response to defendant's letter brief (Dkt. No. 55) on or before May 1, 2017. Dkt. Entry dated Mar. 22, 2017. Plaintiff did not file a reply addressing defendant's letter brief, but filed a letter requesting an adjournment of the May 25, 2017 conference and indicating that she did not receive an e-mail or letter from defendant containing its letter brief. Dkt. No. 57. For the reasons set forth below, it is recommended that plaintiff's letter motion to reopen and renegotiate the 2010 settlement agreement be denied. See Dkt. No. 48.

## I. Factual Background

On June 8, 2004, plaintiff filed a complaint, commencing this action. Dkt. No. 1 ("COmpl."). On July 6, 2004 plaintiff filed an amended complaint. Dkt. No. 4. On November 9, 2004 defendant filed an answer to the amended complaint. Dkt. No. 15. Plaintiff, a resident of Rhode Island, was previously enrolled as a nursing student at defendant Excelsior College which is located in Albany New York. Dkt. No. 4. ¶¶ 1, 2 ("Amended Compl."). On July 13, 1996, plaintiff was scheduled to take the Clinical Performance in Nursing Examination ("CPNE"). Id. at 3. Plaintiff contends that while she was taking that examination, she was discriminated against based on her race and color, insofar as she was given a "different" "clinical card" from the five other students taking the examinaton. Id. at ¶ 10. As a result of that discrimination, plaintiff "underwent the 'Discriminatory stressor' with patience, but could no longer continued with the CPNE Nursing Exams, as a result of the continued emotional stress on Plaintiff . . . ." Id. at ¶ 8.

Plaintiff's amended complaint appears to allege claims for discrimination based on her race and color – plaintiff provided that she is a black female and is African – and breach of contract.  See generally amended compl.

In 2005, the parties entered into a written settlement agreement.  Dkt. No. 52-1.  The parties also executed a stipulation of voluntary dismissal with prejudice which was "So Ordered" by then United States Magistrate Judge David R. Homer.  Dkt. No. 52-1 at 12-13.  The 2005 settlement agreement provided, among other things, that defendant would waive a re-enrollment fee "one-time" only, as well as certain other fees and requirements in connection with the nursing program plaintiff wishes to pursue.  Dkt. No. 30, 31. Plaintiff was required to re-enroll within one year of June 27, 2005, the date on which plaintiff executed the settlement agreement.  Id. at 2.

On March 4, 2009, plaintiff filed a letter motion seeking to reopen the case.  Dkt. No. 32.  Plaintiff alleged that "[D]efendant (Excelsior College) did not do was necessary and needed to have me RE-Enroll as per Stipulated Agreement."  Id. at 1.  Defendant filed a response in opposition to the motion to reopen.   Dkt. No. 36.  The parties entered into a second written settlement agreement.  Dkt. No. 43.  Plaintiff was represented by appointed counsel during the negotiations and execution of the 2010 settlement agreement. Dkt. No. 55 at 5. As part of the settlement agreement plaintiff executed a second general release for all claims against defendant. Dkt. No. 52 at 2. The second settlement agreement was " So Ordered " by Judge Homer on March 10, 2011.Id. at 11.

Pursuant to the terms of the second settlement agreement plaintiff was required to take and pass the CPNE no later than December 31, 2015. Dkt. No. 43 at 3. Plaintiff did not re-enroll or complete the requirements for her  nursing degree by December 31, 2015. Dkt No.

-3-

52 at 3.

Plaintiff contends that due to "my medical conditions of various flashbacks and pain, it was impossible for me to study and effectuate the contract agreements to the present time." Dkt. No. 48 at 2. Defendant opposes re-opening and re-litigating this matter. Dkt. Nos. 52, 55.

## II. Relevant Procedural Background

On February 13, 2017, defendant Excelsior College filed a response to plaintiff's letter motion seeking to reopen the case. Dkt. No. 52. Defendant filed an affidavit of service indicating that the response was served on plaintiff by Federal Express on February 13, 2017. Dkt. No. 52-3. On March 17, 2017, defendant filed a further response in opposition to plaintiff's letter motion. Dkt. No. 55. That letter indicates that a copy was served on plaintiff. Id. On March 22, 2017, a conference was conducted on-the record with plaintiff and counsel for the defendant.

During the conference, the Court asked plaintiff if she had received defendant's letter dated February 13, 2017 (Dkt. No. 52). Plaintiff acknowledged that she had received a copy of that letter. Dkt. No. 58 at 3. The Court also asked plaintiff if she had received a copy of defendants' March 17, 2017 letter (Dkt. No. 55). Plaintiff indicated that she had not received the March 17, 2017 correspondence. Dkt. No. 58 at 3-4, 13. Defendant advised the Court that a copy of the letter had been sent to plaintiff by regular mail and also been emailed to plaintiff. Id. at 13-14. During the conference the Court provided plaintiff with a complete copy of defendant's March 17, 2017 letter, and defendant made clear that she

would also mail an additional copy to plaintiff following the conference.² Id. at 5, 13-14, 18. The Court also offered to take a thirty-minute recess in order to afford plaintiff the opportunity to review the March 17, 2017 letter. Id. Plaintiff declined the Court's offer of a recess and instead asked the Court to give her time in which to file a written response. Id. at 14. The Court agreed to provide plaintiff with time to file a reply to defendant's various letters. Id. at 14-15. During that conference, the Court directed the plaintiff file a response to defendant's letter briefs (Dkt. Nos. 51, 55) on or before May 1, 2017. Dkt. Ent. dated Mar. 22, 2017. Defendant was directed to file any sur-reply by May 8, 2017. Id. The Court also reviewed with plaintiff the contents of the March 17, 2017 letter, explaining in general terms the basis of defendant's opposition to plaintiff's letter motion seeking to reopen the 2010 settlement agreement. Id. at 3-5, 19-20.

On May 1, 2017, plaintiff filed a reply. Dkt. No. 57. In her reply, plaintiff does not address any of the legal arguments raised by defendant in either the February 13, 2017 response (Dkt. No. 52) or the March 17, 2017 response (Dkt. No. 55.). Instead, plaintiff argues, somewhat remarkably, that she is not in position to respond to defendant's opposition letters because, "as of this letter today, I have not receive [sic] any of the documents defendant's lawyer told the court at the hearing on March 2017 that she emailed and also had mailed such documents to me." Dkt. No. 57 at 2. The February 13, 2017 letter filed by defendant is the same letter which plaintiff acknowledged receiving and having in her possession during the March 22, 2017 conference with the Court. Dkt No. 58 at 3.

---

² The Court provided, "[w]e have given you a complete copy of the letter, Tara [Judge Hummel's Courtroom Deputy] gave you the letter and all the exhibits so you have the entire document." Dkt. No. 58 at 18.

Plaintiff also appears to contend in her reply that she never received the letter filed by defendant on March 17, 2017 (Dkt. No. 55) which is the same letter the Court provided to and discussed at great length with plaintiff during the March 22, 2017 conference. Dkt. No. 58.

On May 5, 2017, defendant filed a sur-reply. Dkt. No. 59. In the sur-reply, defendant confirms that during the Court conference conducted on March 22, 2017, plaintiff was provided with a complete copy of defendant's March 17, 2017 letter (Dkt. No. 55). Id. Defendant contends that following the March 22, 2017 conference, yet another complete copy of the March 17, 2017 letter was sent to plaintiff by e-mail.[3] Id. at 1. Defendant characterizes plaintiff's claim that she was unable to file a response by May 1, 2017 because she was never provided a copy of the March 17, 2017 letter as "baseless." Id.

For the reasons set forth below is recommended that plaintiffs letter motion seeking to reopen and renegotiate the 2010 settlement agreement be denied. Dkt. No. 48.

### III. Legal Analysis

### A. Subject Matter Jurisdiction[4]

Defendant contends that this Court lacks subject matter jurisdiction over the parties 2010 settlement agreement, and, therefore, lacks the ability to grant plaintiff the relief she seeks. The Court agrees. Before the Court may address plaintiff's request to re-open and re-negotiate the 2010 settlement agreement, the Court must consider whether it has

---

[3] Defendant provided a copy of that e-mail to the Court. Dkt. No. 59-1.

[4] Unpublished cases cited within this Report-Recommendation and Order have been provided to plaintiff.

jurisdiction. See Melchor v. Eisen & Sons, Inc., 15-CV-113 (DF), 2016 WL 3443649, at *5 (S.D.N.Y. June 10, 2016). "Jurisdiction is a threshold issue which a court must address and may raise sua sponte even if the parties themselves have not raised it ." Shanghai China Garments J &Y Import & Export Corp. v. Brooks Fitch Apparel Grp., 11-CV-2363 (JCF), 2013 WL 1499378, at *2 (S.D.N.Y. Apr. 11, 2013) (citing Bricklayers and Allied Craftworkers Local 2, Albany, New York Pension Fund ex rel. O'Sick v. DiBernardo Tile and Marble Co., Inc., No. 1:08-CV-44, 2012 WL 3508931, at *2 (N.D.N.Y. Aug. 14, 2012) ("Bricklayers and Allied Craft Workers Local 2"). Where a party seeks to enforce a settlement agreement after the case has been dismissed, the court must first determine if it is retained "ancillary jurisdiction." Nicholas v. City of New York, 07-CV-134 (SJ/PK), 2016 WL 4939347, at *3 (E.D.N.Y. Aug. 30, 2016). It is well-settled that a District Court may exercise ancillary jurisdiction to enforce a settlement agreement "*only* if the dismissal order expressly retained jurisdiction over that particular agreement, or incorporated it into the order." State Street House, Inc. v. New York State Urban Development Corp., 75 F. App'x 807, 810 (2d Cir. 2003) (summary order) (citing Herrick Co., Inc. v. SCS Communications, Inc., 251 F.3d 315, 327 (2d Cir. 2002) (additional citation omitted)); Hendrickson v. United States, 791 F.3d 354, 358 (2d Cir. 2015). "[M]erely acknowledging the existence of the settlement that precipitated the dismissal" will not suffice. StreetEasy, Inc. v. Chertok, 752 F. 3d 298, 306 (2d Cir. 2014).

Here, the 2010 settlement agreement was "So Ordered" by Magistrate Judge Homer on March 10, 2011. Dkt. No. 43 at 11. Judge Homer did not expressly retain jurisdiction over the settlement agreement or incorporate the terms of the settlement agreement in an order. Dkt. No. 43. Accordingly, as the Court did not retain jurisdiction at the time the 2010

settlement agreement was executed, and did not incorporate the terms of the agreement in an order, the Court lacks subject matter jurisdiction to entertain plaintiff's application to reopen or renegotiate the 2010 settlement agreement. Hendrickson, 791F. 3d at 358.

Where a District Court lacks ancillary jurisdiction to enforce a settlement agreement "enforcement of the settlement agreement is for the state courts, unless there is some independent basis for federal jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). First, the undersigned will assess whether this Court has federal question jurisdiction. As plaintiff seeks the re-negotiation or modification of the 2010 settlement agreement, which is governed by general principles of contract law, there is no federal question. See Torres v. Walker, 356 F. 3d 238, 245 (2d Cir. 2004).

The undersigned has also considered whether the Court has subject matter jurisdiction based on diversity of citizenship. See 28 U.S.C. § 1332 (a). In the amended complaint and 2010 settlement agreement, plaintiff states that she is a citizen of the State of Rhode Island. Dkt. Nos. 4, 43. Indeed, the return address on the pending letter motion reflects that plaintiff resides in Providence, Rhode Island. Dkt. No. 48. Defendant is a college formed pursuant to the New York State Education Corporation Law with a principal place of business in Albany, New York. Dkt. No. 55 at 3. As such, the parties are citizens of different states. 28 U.S.C.§ 1332 (a) (1).

In addition to the requirement that the parties be citizens of different states, a Court may only have diversity jurisdiction if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C.§ 1332 (a). Here, the terms of the 2010 settlement agreement require defendant to waive plaintiff's undergraduate application fee of $75.00 and her re-enrollment fee of $895.00. Dkt. No. 43 at 3. Defendant further

-8-

agreed to waive for one year the annual $440.00 fee to stay enrolled in the nursing program as well as waive fifty percent of the annual fee to stay enrolled through December 2015.  Id. Defendant also agreed to waive the examination fees for two fundamental tests, specifically Nursing Concepts I and II, as well as the fees associated with seven nursing course examinations.  Id.  Defendant contends that the total fees for those examinations amounts to $2450.00.  Dkt No. 55 at 3.  Defendant further agreed to waive the cost of the three-day CPNE workshop amounting to $755.00 and the CPNE examination fee of $1900.00.  Dkt. No. 43 at 3.  In addition, defendant agreed to waived the $240.00 fee for the Information Literacy Course, the cost of a set of practice examinations, and the recommended textbooks for the examinations.  Id. at 4.  Defendant contends the cost for the practice examinations is $75.00, and the value of the examination textbooks totals approximately $800.00.  Dkt. No. 55 at 3.  Thus, the waivers and concessions made by defendant in the 2010 settlement agreement have an approximate value of $8730.00.  Dkt. No. 55 at 3.  As the total amount in controversy falls far short of $75,000, diversity jurisdiction does not provide this Court with an independent basis for jurisdiction in this matter.

Accordingly, as the undersigned concludes that no basis for ancillary jurisdiction exists, it is recommended that plaintiff's letter motion seeking to reopen or renegotiate the 2010 settlement agreement (Dkt. No. 48) be denied because this Court lacks subject matter jurisdiction.

### B. Modification Settlement Agreement

Plaintiff seeks to reopen and renegotiate the 2010 settlement agreement "[d]ue to my medical conditions as reasons of many flash backs conditions in this case, that do not

enable me to continue the contract." Dkt. No. 48 at 1. Plaintiff contends that her "extreme pains as well as flashbacks emotional distress which have hamper [sic] my studying for contract, etc." Id. at 2. Defendant contends that, even assuming *arguendo*, that this Court had subject matter jurisdiction, plaintiff has not set forth any legal basis to grant her motion to reopen or renegotiate the 2010 settlement agreement. Dkt. No. 55 at 3. The Court agrees with defendant on this alternative ground.

Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 60(b) allows for a mechanism by which a court may relieve a party from a final judgment or order. It provides that a court may relieve a party from a final judgment or order due to: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief. FED. R. CIV. P. 60(b). A motion seeking relief from a final order or judgment must be made with the reasonable time, and, for mistake, inadvertence, surprise or excusable neglect, newly discovered evidence or fraud, it must be made no more than one year after the entry of the judgment or order. FED. R. CIV. P. 60(c). "A motion for relief from judgment is generally not favored and is properly granted only after a showing of exceptional circumstances." United States v. Int'l Bhd .of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001) (citations omitted).

Where the terms of the settlement agreement are unambiguous, "courts must take care not to alter or go beyond the express terms of the agreement, or to impose obligations on the parties that are not mandated by the unambiguous terms of the agreement itself." Red Ball Interior Demolition Corp. v . Palmadessa, 173 F. 3d 481, 484 (2d Cir. 1999). "Settlement agreements are contracts and therefore must be construed according to

-10-

general principles of contract law." Id. (citing Goldman v. Commissioner of Internal Revenue, 39 F.3d 402, 405 (2d Cir. 1994)). Thus,

> [a] court may vacate a stipulation of settlement only upon a showing of good cause, such as fraud, collusion, mistake, duress, lack of capacity, or where the agreement is unconscionable, contrary to public policy, or so ambiguous that it indicates by its terms that the parties did not reach agreement.

Ripsler v. Spitz, 377 F. App'x 111,112 (2d Cir. 2010) (summary order) (citing McCoy v. Feinman, 99 N.Y.2d 295, 302 (N.Y. 2002)). However, "buyer's remorse" is insufficient to vacate a stipulation of settlement even where the party is a pro se litigant. Curry v. New York City Police Dep't., 726 F. Supp. 2d 273, 275 (S.D.N.Y. 2010 )(citing United States v. Bank of New York, 14 F. 3d 756, 760 (2d Cir. 1994) (additional citation omitted).

In the present matter, plaintiff has not established or even alleged the existence of a mistake, fraud or newly-discovered evidence. Plaintiff has not shown that the judgment is void or has been satisfied, released or discharged. In addition, she has failed to set forth any other basis which would justify the relief which she seeks. The undersigned would note that the complaint in this matter was filed on June 8, 2004. See Compl. As such, this matter has been pending in for almost thirteen years. Id. The first stipulation of voluntary dismissal was filed on June 11, 2005, almost ten years ago. Dkt. No. 30. The Order approving the second settlement agreement was filed on March 10, 2011, over six years ago. Dkt. No. 44. Plaintiff's failure to avail herself of the educational opportunities available to her pursuant to the terms of the 2005 and 2010 settlement agreements – even if, as she says, personal medical conditions have hampered her ability to study for her exams (Dkt. No. 48 at 1-2) – does not constitute an exceptional circumstance which would justify yet again reopening settlement negotiations in this matter.

Accordingly, to the extent that plaintiff seeks to reopen the 2010 settlement agreement pursuant to Fed. R. Civ. P. 60 (b) is recommended that application be denied.

### IV. Conclusion

**WHEREFORE**, for the reasons stated above, is hereby

**RECOMMENDED**, that plaintiff's letter motion seeking to reopen this case (Dkt. No. 48) be **DENIED**; and it is

**ORDERED**, that in view of the foregoing, the Court conference scheduled for May 25, 2017 before the undersigned is canceled; and it is further

**ORDERED**, that, insofar as plaintiff seeks to reschedule the May 25, 2017 conference, such request is **DENIED** as moot (Dkt. No. 57 at 1 ¶1); and it is further

**ORDERED**, that the Clerk of the Court serve copies of this Report-Recommendation and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D. L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

Dated: May 8, 2017
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge